O’Neill,, J.
The plaintiffs contend, first, that the amendment of the zoning ordinance was an improper exercise of the police power where the evidence discloses no change in the area and discloses ample shopping facilities and drastic depreciation of plaintiffs’ homes, increased traffic, dangers from traffic to homeowners’ children, noise and other nuisances; second, that the council of Beachwood was without authority to amend the zoning ordinance where no change in the area was shown and the property owners and taxpayers relied upon private restrictions and covenants in private deeds and agreements and upon the highly restricted, single-family private-residence zoning which had been long enforced; third, that a municipality owes a duty to adjoining municipalities not to invade the rights of the residents of those municipalities, not to create undesirable traffic and flood conditions in such municipalities and not to destroy their property values.
The defendants filed an answer denying generally the allegations of the petition.
Three principal questions are presented by this appeal:
1. Do private restrictions and covenants arising from private deeds or agreements estop a municipality from exercising zoning authority?
2. Is the zoning contemplated by the amendment to the zoning ordinance in the instant case “spot-zoning?”
3. Does the evidence presented by the plaintiffs and viewed in its most favorable light constitute a sufficient ground for the court to intervene and declare the zoning ordinance passed by the defendant municipality invalid?
*559 First, the zoning of land for business has no effect on existing restrictions confining the use of land to residential purposes, which restrictions arise from private deeds or private agreements. The council of a municipality, by changing a residence zone to a business zone, does not presume to pass upon the effectiveness of a restrictive residential covenant, nor does this court, in passing upon the validity of a municipal zoning ordinance, presume to pass upon the effectiveness of a restrictive residential covenant in a private deed or private agreement.
Second, “spot-zoning” refers to the singling out of a lot or a small area for discriminatory or different treatment from that accorded surrounding land which is similar in character.
The area in question here is not a single lot or a small area, but is a large parcel of land, 80 acres in area. Council’s action does not fall within the concept of “spot-zoning.”
Third, the important and fundamental question is: Where the council of a municipality makes a determination of land-use policy which involves the control of traffic, the volume of traffic, the burden of traffic, the effect upon valuation of property, the municipal revenue which will be produced for the city, and- the land use consistent with the best interests of the general welfare and prosperity and development of the community as a whole, does the court have authority to invalidate such ordinance in the absence of a showing that such power has been exercised in such an arbitrary, confiscatory and unreasonable manner as to be in violation of constitutional guaranties?
The answer to this question is that the courts are without authority to interfere.
In the instant case involving this 80-acre parcel, the council of Beachwood had before it the professional opinions and recommendations of the Cuyahoga County Regional Planning Commission and the Beachwood Planning and Zoning Commission and passed an ordinance rezoning the 80 acres for shopping-center purposes. It must be assumed that each councilman considered the matter independently and was aware of public opinion and formulated his own opinion of what the public welfare of his municipality demanded.
The power of the court in such matters as this is extremely *560 limited, and the court can not usurp the legislative function by substituting its judgment for that of the council. Municipal governing bodies are better qualified, because of their knowledge of the situation, to act upon these matters than are the ■courts.
The determination of the question of whether regulations prescribed by a zoning ordinance have a real or substantial relation to the public health, safety, morals or general welfare is committed, in the first instance, to the judgment and discretion of the legislative body. Where such a judgment deals with the control of traffic, volume of traffic, burden of traffic, effect upon valuation of property, municipal revenue to be produced for the city, expense of the improvement, land use consistent with the general welfare and development of the community as a whole, or, in short, where the judgment is concerned with what is beneficial or detrimental to good community planning, it is in the first instance a legislative and not a judicial matter. The legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations, and the judicial judgment is not to be substituted for the legislative judgment in any case in which the issue or matter is fairly debatable.
Even though the court, on the facts presented, might decide otherwise than did council, so long as the matter is reasonably debatable, the court has no authority to interfere. The power of a municipality to establish zones, to classify property, to control traffic and to determine land-use policy is a legislative function which will not be interfered with by the courts unless such power is exercised in such an arbitrary, confiscatory or unreasonable manner as to be in violation of constitutional guaranties.
On the basis of the record in this case, the question before the council was a fairly debatable one, and it cannot be seriously contended here that its action was so arbitrary, confiscatory and unreasonable as to be in violation of constitutional guaranties. Curtiss v. City of Cleveland, 166 Ohio St., 509; State, ex rel. City Ice & Fuel Co., v. Stegner, Dir. of Bldgs., 120 Ohio St., 418; Village of Euclid v. Ambler Realty Co., 272 U. S., 365, 71 L. Ed., 303, 47 S. Ct., 114, 54 A. L. R., 1016: *561 Offutt v. Board of Zoning Appeals, 204 Md., 551, 105 A. (2d), 219; 8 .McQuillin, Municipal Corporations, 120, 694, Sections 25.55 and 25.281; 58 American Jurisprudence, 955, Zoning, Section 26; 58 Ohio Jurisprudence (2d), 510, Zoning, Section 37.
The judgment of the Court of Appeals is, therefore, reversed.

Judgment reversed.

Taft, C. J., Zimmerman, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.